191-17/PJG
Freehill Hogan & Mahar, LLP
Attorneys for Petitioner
M.K.N.S. SHIPPING S.A.
80 Pine Street
New York, NY   10005
(212) 425-1900
Peter J. Gutowski
Manuel A. Molina

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

M.K.N.S. SHIPPING S.A.,

                              Petitioner,                    18 Civ. ____ ( )

        -against-                                            **PETITION FOR DECLARATORY**
                                                             **JUDGMENT  AND STAY OF**
RAVAGO LM PTE. LTD.,                                         **ARBITRATION**_____

                              Respondent.

————————————————————————x

        Petitioner, M.K.N.S. SHIPPING S.A. ("MKNS"), by its attorneys Freehill Hogan &

Mahar LLP, as and for its Petition against Respondent, RAVAGO LM PTE. LTD. ("Ravago"),

alleges upon information and belief as follows:


## JURISDICTION and VENUE

        1.        This is a maritime claim that falls under the Court's admiralty jurisdiction pursuant

to 28 U.S.C. §1333 and an admiralty claim within the meaning of Rule 9(h) of the Federal Rules of

Civil Procedure in that it relates to claims associated with the transport of cargo by sea and

relationships under charter parties and/or ocean bills of lading.

        2.        This matter also falls under the Court's jurisdiction pursuant to Section 4 the

Federal Arbitration Act [9 U.S.C. §1 *et seq.* ("FAA")] in that it involves a request for declaratory relief (pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure) that MKNS is not obliged to arbitrate the claims lodged by Respondent Ravago and that Ravago's arbitration proceedings against MKNS in New York be stayed, Section 4 of the FAA having been interpreted as granting the District Courts with the power to hear and determine issues relating to arbitrability regardless of whether the relief sought is in the form of an order to compel arbitration or to stay arbitration.

3.     At all times material hereto, Petitioner MKNS was and still is a corporation organized and existing under the laws of a foreign nation, with an office and principal place of business located at 574, Kurinoura, Yawatahama-Shi, Ehime, Japan, and was and still is the registered owner of the ocean going tank vessel M/T POLARIS STARDOM.

4.     At all times material hereto, upon information and belief, Respondent Ravago was and still is a corporation organized and existing under the laws of a foreign nation, with an office and principal place of business located at c/o Ravago LMT USA, LLC, 150 East 58th Street, 18th Floor, New York, New York  10155.   Ravago was the voyage charterer of the vessel M/T POLARIS STARDOM pursuant to a charter party contract between third-party Hanjin Overseas Tankers Pte. Ltd. ("Hanjin Overseas") and Ravago.

4.     Ravago is subject to the personal jurisdiction in this district inasmuch as Ravago has asserted a claim and commenced an arbitration in New York pursuant to a contract which, according to Ravago,  provides for arbitration of claims in the City of New York, and has issued a demand that MKNS arbitrate at New York. (*See* Exhibit A annexed hereto.)

5.      Venue is proper in the Southern District in New York inasmuch as Respondent Ravago has demanded that MKNS arbitrate at New York. (*Id.*)

## THE PARTIES' DISPUTE

6.      On or about March 7, 2014, MKNS, as registered owner of the vessel M/T POLARIS STARDOM, and third party Hanjin Shipping Co. Ltd. ("Hanjin Shipping"), as time charterer, entered into a written time charter party contract in which Hanjin agreed to charter the vessel from MKNS.   A copy of this time charter party contract is annexed hereto as Exhibit B.

7.      Upon information and belief, Hanjin Shipping sub-chartered the M/T POLARIS STARDOM to Hanjin Overseas.

8.      Upon information and belief, Hanjin Overseas sub-chartered the M/T POLARIS STARDOM to Ravago pursuant to a written charter party contract (the "Hanjin Overseas - Ravago Charter").

9.      Clause 65 of the Hanjin Overseas - Ravago Charter prescribes that "[a]ny and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York." (*See* Exhibit A.)

10.     MKNS was not a party to the Hanjin Overseas - Ravago Charter, or its arbitration provision.

11.     Ravago has wrongfully and unlawfully demanded that MKNS arbitrate at New York pursuant to Clause 65 of the Hanjin Overseas - Ravago Charter even though MKNS was not a party that contract and there was no effective incorporation of the terms of that contract into the bills of

lading pursuant to which the cargo which is the subject of Ravago's claim against MKNS was carried onboard the M/T POLARIS STARDOM. (Exhibit A annexed hereto.) Moreover, Ravago is no longer the holder of those bills of lading.

12.     As MKNS was not a party to the Hanjin Overseas - Ravago Charter and as there was no incorporation of the terms of that contract into the subject bills of lading, and as Ravago is no longer the holder of those bills of lading, MKNS is not bound to arbitrate at New York Ravago's purported claim. (*Id.*)

13.     In light of the foregoing, and in accordance with 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, MKNS seeks a judgment declaring that Ravago's claim against MKNS is not subject to arbitration in the City of New York, dismissing with prejudice the arbitration demand which Ravago issued on April 25, 2017 and staying the New York arbitration.

14.     MKNS expressly reserves all its rights under the time charter party contract it executed with Hanjin Shipping and governing law and nothing herein constitutes a waiver of any of MKNS' rights thereunder.

15.     No previous application has been made to this Court, or to any other Court or Judge for the order and relief sought herein.


WHEREFORE, MKNS prays that this Court enter a decree:

(a) Declaring that no agreement between MKNS and Ravago exists and/or none that obligates MKNS to arbitrate Ravago's claim at New York;

(b) Dismissing with prejudice the demand for arbitration issued by Ravago on April 25, 2017 and otherwise permanently staying the arbitration;

(c) Issuing process against Respondent in due form of law according to the practice of this Court; and

(d) Awarding   MKNS the costs and fees associated with this Petition, including disbursements and attorneys' fees and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      February 21, 2018

                    FREEHILL HOGAN & MAHAR, LLP
                    Attorneys for Petitioner


                    By:     /s/   Manuel A. Molina
                              Peter J. Gutowski
                              Manuel A. Molina
                              gutowski@freehill.com
                              molina@freehill.com


To:     ***VIA ELECTRONIC EMAIL***

     The Law Office of John E. Cone, Jr.
     2 Ascot Circle
     Mount Kisco, N.Y. 10549

     Attn: John E. Cone, Jr. Esq.   jcone@jconelaw.com

5